Laurie Edelstein (Bar No. 164466)
Sarah K. Jackel (Bar No. 289227)
Seth R. Sias (Bar No. 260674)
STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, California 94304
Telephone: (650) 687-9500
Facsimile: (650) 687-9499
ledelstein@steptoe.com
sjackel@steptoe.com
ssias@steptoe.com

Michael Dockterman (Admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
115 S. LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370
mdockterman@steptoe.com

*Attorneys for Defendant*
*Pacific Gas and Electric Company*

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, a California corporation,<br><br>Defendant. | No. 14 Civ. 00930 JCS<br><br>**PACIFIC GAS AND ELECTRIC COMPANY'S MOTION IN LIMINE NO. 1 TO PRECLUDE SPECIFIED EVIDENCE AND ARGUMENT REGARDING PG&E's ROOT CAUSE ANALYSIS**<br><br>Trial Date: January 19, 2016<br><br>Hearing Date: January 8, 2016<br>Hearing Time: 2:00 p.m.<br>Courtroom: G, 15th Floor<br>Judge: Hon. Joseph C. Spero |

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2015 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Joseph C. Spero, Courtroom G, 15th Floor, United States District Court, Northern District of California, 450 Golden Gate Street, San Francisco, California, defendant Pacific Gas and Electric Company ("PG&E") will, and hereby does, move the Court pursuant to Federal Rules of Evidence 401, 402, and 403 to preclude plaintiff Tesoro Refining and Marketing Company ("Tesoro") from offering any and all evidence, references to evidence, testimony, or argument that PG&E's Tidewater 230 kV Substation Outage 11-10-2010 Root Cause Analysis Event Report ("Root Cause Analysis") is incomplete or inaccurate for failing to address issues outside the purpose and scope of the report. The motion is based upon the ground that the Root Cause Analysis was limited to determining the cause of the Tidewater Substation outage and any evidence, testimony, or argument suggesting it was incomplete or inaccurate insofar as it failed to address issues outside the purpose and scope of the report is irrelevant and immaterial to the issues in this action and therefore inadmissible. Allowing any such evidence, testimony, or argument also would be misleading to the jury and unfairly prejudicial to PG&E.

This motion is based on the memorandum of points and authorities set forth below, any reply that PG&E may make, such other evidence and argument as may be presented at or prior to the hearing, and all records and files in this action.

**STATEMENT OF ISSUES TO BE DECIDED**

(Local Rule 7-4)

1. Whether Tesoro should be precluded from offering any and all evidence, references to evidence, testimony, or argument that PG&E's Root Cause Analysis is incomplete or inaccurate for failing to address issues outside the purpose and scope of the report because any suggestion that it was incomplete or inaccurate insofar as it failed to address issues outside the purpose and scope of the report is irrelevant and immaterial to the issues in this action and also would be misleading to the jury and unfairly prejudicial to PG&E?

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Following the November 10, 2010 outage at PG&E's Tidewater Substation, PG&E conducted a comprehensive investigation into the causes of the outage at the substation. PG&E also had extensive communications and numerous meetings with Tesoro and Foster Wheeler ("FW") about the causes of and circumstances surrounding the Tidewater outage and the subsequent outages at Tesoro's Golden Eagle Refinery (the "Refinery") and the FW cogeneration facility that provides the Refinery with its primary source of power (the "Cogen"). In early June 2011, PG&E completed its Root Cause Analysis concerning the November 10, 2010 outage at the Tidewater Substation, which it shared with Tesoro and FW. PG&E employees have testified uniformly that PG&E's Root Cause Analysis was expressly limited to addressing the source of the equipment failure that resulted in the outage at the Tidewater Substation. PG&E did not address in its Root Cause Analysis either why the Cogen tripped offline or what caused the outage at the Refinery. In 2011, both Tesoro and FW praised PG&E for its report.

Now, years later, Tesoro seeks to discredit the Root Cause Analysis by claiming it is incomplete and inaccurate because it does not address why the Cogen tripped offline and the Refinery lost power or support Tesoro's theory of its case. Tesoro's assertions of incompleteness and inaccuracy have no basis in the facts of the case; they also have no relevance to Tesoro's breach of contract, negligence, and inverse condemnation claims. Tesoro has not brought a claim arising out of PG&E's post-incident conduct, and the Court rejected Tesoro's attempt to add allegations to its complaint that PG&E attempted to conceal its role in causing the outage by omitting key facts from the Root Cause Analysis. Tesoro's intent to argue that the Root Cause Analysis is incomplete and inaccurate is a transparent effort to re-package its concealment argument, which has no place in this case and which this Court has already rejected. Arguments that the Root Cause Analysis of what happened at Tidewater was incomplete and inaccurate because it did not address what happened at the Cogen or at the Refinery will only mislead and confuse the jury and unduly prejudice PG&E by suggesting that PG&E attempted to

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

conceal facts when the opposite is true. Tesoro should be precluded from offering any and all evidence, references to evidence, testimony, or argument that the Root Cause Analysis was incomplete or inaccurate insofar as it failed to address issues outside the purpose and scope of the report.

## FACTUAL BACKGROUND[1]

At approximately 4:00 p.m. on November 10, 2010, two PG&E 230 kV circuit breakers on the transmission lines into the Tidewater Substation opened, preventing electricity from flowing on those lines through Tidewater and causing an outage at the substation. Tidewater became disconnected from the rest of the PG&E transmission system. The Cogen and the Refinery failed to detect the loss of the two transmission lines and failed to separate from the PG&E system either automatically or by manually opening Foster Wheeler circuit breakers 472 and 482. As a result, instead of an electrical island forming comprised of the Cogen and the Refinery, an electrical island was formed consisting of the Cogen, the Refinery, and PG&E customers in Concord. Approximately three minutes after the loss of PG&E's two transmission lines, the Cogen's gas turbine generators tripped offline causing a brief, unplanned outage at the Refinery. PG&E power was restored to Tidewater approximately an hour later around 5:00 p.m.

Immediately following the November 10, 2010 events and continuing through June 2011, PG&E, Tesoro, and Foster Wheeler had extensive communications and meetings concerning the cause of the Tidewater outage and the subsequent outages at the Cogen and the Refinery. The conversations were extremely candid and transparent. Among other issues, the parties discussed that the synch switches at the Tidewater Substation did not meet PG&E's current standards. They also discussed the Cogen's protective relay equipment and settings and PG&E's interconnection requirements and whether underfrequency load shedding was in service at the Tidewater Substation. And on January 27, 2011, PG&E convened a phone call and reviewed in detail with Tesoro and Foster Wheeler the 50 minute window between the opening of the first

[1] PG&E submitted to the Court the support for the facts in this background section in connection with its opposition to Tesoro's motion for leave to amend its complaint. (*See* Declaration of Seth Sias, dated August 28, 2015, & attached exhibits (dkt. #84) ("8/28/15 Sias Decl.").)

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

and second 230 kV circuit breakers on the transmission lines into Tidewater and the failure of PG&E grid control operators to acknowledge the alarm when the first circuit breaker opened. Tesoro was also aware that the focus of PG&E's Root Cause Analysis would be on the cause of the outage at Tidewater, not on what happened at the Cogen or Refinery.

As this Court recognized in denying Tesoro's motion for leave to amend its complaint, PG&E's person-most-knowledgeable under Federal Rule of Civil Procedure 30(b)(6) testified that PG&E's Root Cause Analysis was limited to understanding why PG&E's two circuit breakers on the transmission lines into Tidewater opened. It did not address why the Cogen's turbines tripped offline or the causes of the outages at the Cogen and the Refinery. (Order Denying Motion for Leave to Am. Compl. (dkt. #109) at 7.)[2] According to Mr. Sykes, that issue "would be a part of a different root cause analysis. It would be part of Foster Wheeler's root cause analysis." (*Id.* (quoting 8/28/15 Sias Decl., Ex. 26 (Sykes Depo.) at 73:15-17).) PG&E's lead investigator into the cause of the Tidewater outage and principal drafter of the Root Cause Analysis testified similarly, "attributing PG&E's focus on the substation outage to the parties' agreement that each was in the best position to evaluate its own systems." (Order Denying Motion for Leave to Am. Compl. (dkt. #109) at 7-8 (citing Sias Decl. Ex. 18 (Nie Depo.) at 77:10–78:25).)

In early June 2011, PG&E completed its Root Cause Analysis. PG&E was not able to complete the report until June 2011 because testing on equipment at the Tidewater Substation was required and Tesoro requested that it be performed when the Refinery electrical load was low, which occurred in May 2011. PG&E's investigation determined that the circuit breakers opened as a result of an equipment failure. The cause of the failure, however, could not be conclusively determined. PG&E identified four "significant findings" it considered "contributing factors." (Declaration of Seth Sias in Support of PG&E's Motion in Limine No. 1 ("Sias Decl."), Ex. 1 at 2.) When PG&E shared its Root Cause Analysis with Tesoro and Foster

[2] PG&E offered to assist Foster Wheeler in understanding the performance of the Cogen's generators and why they tripped offline as part of Foster Wheeler's root cause analysis, but Foster Wheeler declined to pursue that analysis with PG&E.

Wheeler on June 3, 2011 and held a meeting with them to discuss PG&E's findings, both Tesoro and Foster Wheeler praised PG&E for the report. Tesoro's subject matter expert on electrical engineering testified he did not have any questions about the Root Cause Analysis after reading it. He thought it was comprehensive.

**PROCEDURAL BACKGROUND**

On August 5, 2015, Tesoro filed a motion for leave to amend its complaint to add a punitive damages claim, attaching a proposed amended complaint. Among other allegations, Tesoro proposed adding the following new allegation: "Tesoro is informed and believes that PG&E's pre-litigation Root Cause Analysis omitted key facts regarding PG&E's conduct in causing the November 10, 2010 power outage." (Tesoro's Mot. for Leave to Amend (dkt. #69) at Ex. 1 (Prop. 2d Am. Compl.) ¶ 53.) Tesoro's proposed new paragraph 34 described the alleged omitted "key facts," including that: (1) the most likely identified cause of the power outage was PG&E's negligent design and operation of the synch switches; (2) PG&E's GCC operators failed to respond to alarms after the first 230kV circuit breaker opened and to warn FW of the loss of the first transmission line; (3) PG&E had removed the load shedding scheme that was allegedly in place at Tidewater without telling FW or Tesoro; and (4) PG&E had prepared a Load At Risk analysis prior to the outage at Tidewater in which PG&E recognized that in the event of an outage, an island would form and the FW Cogen would likely trip offline. (*See id.* ¶ 34.) Based on these proposed new allegations, Tesoro argued in its motion for leave to amend that "PG&E's Root Cause Analysis *concealed* PG&E's exclusive role in causing the power outage both at Tidewater as well as at the Cogen and the Refinery." (Tesoro Mot. for Leave to Amend (dkt. #69) at 9 (emphasis added).) Tesoro also argued: "PG&E attempted to *conceal* its role in causing the outage by selectively disclosing some of its failures in its root cause analysis but failing to mention – much less address – other conduct (as described above) that had greater causal significance." (*Id.* at 4 (emphasis added)); *see also id.* at 17 ("PG&E further attempted to *conceal* their conscious disregard for the rights and safety of Tesoro by excluding their conduct that caused the outage from its pre-litigation Root Cause Analysis." (emphasis added).) According to Tesoro, these "concealment" allegations provided support for its proposed punitive



STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

damages claim: "PG&E's subsequent exclusion of its negligent conduct from its pre-litigation Root Cause Analysis also warrants punitive damages." (*See id.* at 16 n.1.)

On September 28, 2015, the Court denied Tesoro's motion for leave to amend to add a punitive damages claim. (Order Denying Motion for Leave to Am. Compl. (dkt. #109).)

**ARGUMENT**

The Court has the inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. *See Luce* v. *U.S.*, 469 U.S. 38, 41 (1984). Federal Rule of Evidence 402 states in pertinent part: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The court has no discretion to admit irrelevant evidence. *See U.S.* v. *Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992). The Federal Rules of Evidence further provide that the Court may exclude evidence when it is unduly confusing. Federal Rule of Evidence 403 specifically states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, *confusing the issues, misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). *See also Tennison* v. *Circus Circus Enterps., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *U.S.* v. *Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Unfair prejudice means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief* v. *U.S.*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 Advisory Committee's Notes).

Tesoro should be precluded from offering evidence or argument that PG&E's Root Cause Analysis is incomplete or inaccurate for several reasons. First, the completeness or accuracy of the Root Cause Analysis, which was completed in June 2011, several months after the events giving rise to Tesoro's claims, has no relevance to this action. It has no bearing on whether PG&E breached its Standby Agreement with Tesoro or whether PG&E was negligent in its

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

provision of electrical power to the Refinery and caused the outage at the Refinery on November 10, 2010. Any evidence or argument that the Root Cause Analysis is incomplete or inaccurate is irrelevant and inadmissible under Rule 401.

Second, Tesoro has no basis in the record for arguing the Root Cause Analysis was incomplete or inaccurate. In rejecting Tesoro's effort to amend its complaint to add this argument, the Court determined, contrary to Tesoro's contention, that based on PG&E's Root Cause Analysis, Tesoro "had reason to believe that the *only* identified [possible] cause of the power outage was PG&E's negligent design and operation of its synch switches." (Order Denying Motion for Leave to Am. Compl. (dkt. #109) at 18 (internal quotations, citation, and footnote omitted).) The Court also recognized that the PG&E's Root Cause Analysis was expressly limited to addressing the causes of the outage at Tidewater. To argue that the Root Cause Analysis *failed* to address why the Cogen tripped offline or the causes of the outages at the Cogen or Refinery distorts the facts and does so in a way designed exclusively to prejudice the jury in violation of Rule 403. Tesoro's theories as to why the Cogen tripped offline and the Refinery sustained an outage do not bear on why the PG&E circuit breakers opened on November 10, 2010: the cause of the Tidewater Substation outage. Tesoro should not be allowed to suggest that the Root Cause Analysis is incomplete or inaccurate because it did not address issues that were outside its scope, such as PG&E's alleged failure to respond to the alarms at the GCC, the absence of a load shedding scheme at Tidewater, or PG&E's Load At Risk analysis.

Third, Tesoro should not be allowed to argue that PG&E's Root Cause Analysis is incomplete and inaccurate when Tesoro has refused to produce its internal root cause analysis reflecting Tesoro's knowledge and understanding of the facts concerning the outages at Tidewater, the Cogen, and the Refinery. Tesoro's assertions of concealment, if allowed, would put at issue what Tesoro knew and understood in 2010 and 2011 about the causes of the outages. Having withheld from production its internal root cause analysis investigation and report and all contemporaneous internal correspondence concerning its investigation and its communications with PG&E and FW, claiming these materials are entitled to work product protection, Tesoro

cannot simultaneously claim PG&E's Root Cause Analysis is incomplete and inaccurate. If the Court is inclined to allow Tesoro to introduce argument that PG&E's Root Cause Analysis is incomplete or inaccurate, the Court should first require production of Tesoro's internal root cause analysis investigation and report and all contemporaneous internal correspondence concerning its investigation and its meetings and conversations with PG&E and FW before reaching a final conclusion.[3]

## CONCLUSION

The Court should preclude Tesoro from offering evidence or argument that PG&E's Root Cause Analysis is incomplete or inaccurate. Any such evidence or argument is irrelevant and immaterial to the issues to be decided and would be misleading and confusing to the jury and unduly prejudicial to PG&E.

Respectfully submitted,

Dated: December 18, 2015

STEPTOE & JOHNSON LLP

By: /s/ Laurie Edelstein
Laurie Edelstein
Michael Dockterman
Sarah K. Jackel
Seth R. Sias

[3] Under Federal Rule of Civil Procedure 26(b)(3), to obtain ordinary work product, such as the communications and analysis of Tesoro's investigation team (which do not contain an attorney's mental impressions, opinions, or theories), PG&E need only show it has a substantial need for the materials to prepare its case and it cannot obtain the material by other means. *See* Fed. R. Civ. Proc. 26(b)(3); *Hooke* v. *Foss Maritime Co.*, No. 13 Civ. 994 (JCS), 2014 WL 1457582 (N.D. Cal. April 10, 2014). Further, under Ninth Circuit law, even opinion work product is discoverable where, as here, it is "at issue in a case and the need for the material is compelling." *Holmgren* v. *State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). PG&E will meet these tests because Tesoro has put at issue its knowledge and understanding of the facts following the outages, the witnesses who testified about the post-outage investigations had faulty memories about the facts, Tesoro refused to allow its witnesses to testify about any conclusions they reached about the causes of the outages, and PG&E cannot obtain the material by other means.



STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, California 94304
Telephone: (650) 687-9500
Facsimile: (650) 687-9499
ledelstein@steptoe.com
sjackel@steptoe.com
ssias@steptoe.com

STEPTOE & JOHNSON LLP
115 S. LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370
mdockterman@steptoe.com

*Attorneys for Defendant Pacific Gas and Electric Company*

STEPTOE & JOHNSON LLP
1891 Page Mill Road, Suite 200
Palo Alto, CA 94304