UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESORO REFINING & MARKETING
COMPANY LLC,

          Plaintiff,

    v.

PACIFIC GAS AND ELECTRIC
COMPANY,

          Defendant.

Case No.  14-cv-00930-JCS

**FINAL JURY INSTRUCTIONS**

Dated: January 28, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 2

### CLAIMS AND DEFENSES

Tesoro Refining and Marketing Company LLC is the plaintiff in this case. Tesoro owns and operates a refinery in Martinez, California, where it processes crude oil that the company has purchased, and then converts into gasoline, diesel, and jet fuel.

Tesoro's primary source of power is a cogeneration plant, which is located on the refinery's premises and which is owned by a third party, Foster Wheeler. Foster Wheeler is not a party in this lawsuit but supplies power to the refinery under a separate contract between Tesoro and Foster Wheeler.

Pacific Gas and Electric Company is the defendant in this case. PG&E is an electric and gas utility regulated by the California Public Utilities Commission. Tesoro has a contract with PG&E to supply electrical power on a standby basis during times of shutdown or failure of the Foster Wheeler Cogeneration Plant.

In this case, Tesoro has sued PG&E for negligence and breach of contract. Tesoro contends that PG&E acted negligently and caused a total outage at the refinery on November 10, 2010. Tesoro contends it was damaged in the amount of approximately $10 million dollars.

PG&E admits that two of its transmission lines lost power on November 10, 2010, but denies it was negligent toward Tesoro or that PG&E breached its contract with Tesoro. PG&E contends that Tesoro was negligent for failing to protect the refinery from problems on the PG&E system or grid. PG&E also contends that Tesoro has overstated the amount of damages and lost profits it claims from the November 10 outage.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 3

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

## JURY INSTRUCTION NO. 4

## WHAT IS EVIDENCE

3    The evidence you are to consider in deciding what the facts are consists of:

4    (1)      The sworn testimony of any witness;

5    (2)      The exhibits which are received into evidence; and

6    (3)      Any facts to which the parties have agreed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 6

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

As I instructed you at the outset of the case, there are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.  Similarly, if I ordered that evidence be stricken from the record and that you disregard or ignore the evidence, you must not consider the evidence that I told you to disregard.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness has said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9
### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Michael Van Remoortere was taken on June 3, 2015.  Videotaped testimony from that deposition was played during the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**JURY INSTRUCTION NO. 10**

**CHARTS AND SUMMARIES**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence

Other charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 11**

**EVIDENCE—FAILURE TO EXPLAIN OR DENY EVIDENCE**

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**EVIDENCE—EXPERT OPINIONS**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 13**

**EVIDENCE—EXPERT QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14**

**EVIDENCE—CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**EVIDENCE—OPINION TESTIMONY OF LAY WITNESSES**

Witnesses who were not testifying as experts gave opinions during the trial.  You may, but are not required to, accept those opinions.  You may give the opinions whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by that evidence.

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16**

**RESPONSIBILITY FOR SUPPLY OF ELECTRICITY**

PG&E must exercise reasonable diligence and care to provide and deliver a continuous supply of electric energy to its customers.  However, PG&E does not guarantee a continuous supply of electricity, and is not responsible for an interruption of supply unless the interruption is caused by PG&E's failure to exercise reasonable diligence.

This rule is created by law and is also a part of the parties' contract.  It applies to both the negligence claim and the contract claim in this case.  You might have heard this rule referenced as Tariff Rule 14 during the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 17

## RESPONSIBILITY FOR PROTECTIVE DEVICES

Tesoro is responsible for providing, installing, inspecting, and maintaining at its own risk and expense all appropriate protective devices that are required to properly protect its facilities.

PG&E is not responsible for any loss or damage caused by the negligence of Tesoro or its agents or employees in omitting, installing, maintaining, using, operating, or interfering with any such protective devices.  If you determine that any such negligence occurred, and that PG&E was also negligent, you must determine each party's percentage share of responsibility for the harm.

This rule is created by law and is also a part of the parties' contract.  It applies to both the negligence claim and the contract claim in this case.  You might have heard this rule referenced as Tariff Rule 2 during the trial.

**JURY INSTRUCTION NO. 18**

**EXISTENCE OF "AGENCY" RELATIONSHIP DISPUTED**

PG&E claims that Foster Wheeler was Tesoro's agent for the purpose of Tesoro fulfilling its obligations as described in Instruction 17, and that Tesoro is therefore responsible for Foster Wheeler's conduct.

If PG&E proves by a preponderance of the evidence that Tesoro gave Foster Wheeler authority to act on Tesoro's behalf, then Foster Wheeler was Tesoro's agent.  This authority may be shown by words or may be implied by the parties' conduct.  This authority cannot be shown by the words of Foster Wheeler alone.

If you determine that Foster Wheeler was Tesoro's agent for the purpose of Tesoro fulfilling its obligations as described in Instruction 17, you should consider any negligence by Foster Wheeler, within the scope of the authority that Tesoro gave Foster Wheeler, to be negligence by Tesoro.  This is true even if other jury instructions or questions in the verdict form do not specifically discuss Tesoro's agents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

Tesoro claims that it was harmed by PG&E's negligence.  To establish this claim, Tesoro must prove all of the following by a preponderance of the evidence:

(1) That PG&E was negligent;

(2) That Tesoro was harmed; and

(3) That PG&E's negligence was a substantial factor in causing Tesoro's harm.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20**

**NEGLIGENCE—BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

In this case, each party's duties are further discussed in Instructions 16 and 17.  You must decide how a reasonably careful person would have acted in each party's situation.

**JURY INSTRUCTION NO. 21**

**NEGLIGENCE—COMPARATIVE FAULT OF TESORO**

PG&E claims that Tesoro's own negligence contributed to Tesoro's harm. To succeed on this claim, PG&E must prove both of the following by a preponderance of the evidence:

(1) That Tesoro was negligent; and

(2) That Tesoro's negligence was a substantial factor in causing its harm.

Tesoro's duties are further discussed in Instruction 17.  If PG&E proves the above, Tesoro's damages are reduced by your determination of the percentage of Tesoro's responsibility. I will calculate the actual reduction.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**NEGLIGENCE—CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 23**

**NEGLIGENCE—CAUSATION: MULTIPLE CAUSES**

A person's negligence may combine with another factor to cause harm.  If you find that PG&E's negligence was a substantial factor in causing Tesoro's harm, then PG&E is responsible for the harm.  PG&E cannot avoid responsibility just because some other person, condition, or event—other than the negligence of Tesoro or its agents or employees—was also a substantial factor in causing Tesoro's harm.

This instruction does not mean that PG&E is responsible for harm caused by Tesoro's negligence, or the negligence of Tesoro's agents or employees.  If you determine that PG&E's negligence and Tesoro's negligence (or Tesoro's agents' or employees' negligence) were both substantial causes of harm to Tesoro, you must determine each party's percentage of responsibility.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24**

**NEGLIGENCE—RELIANCE ON GOOD CONDUCT OF OTHERS**

Every person has a right to expect that every other person will use reasonable care, unless he or she knows, or should know, that the other person will not use reasonable care.

1

2

**JURY INSTRUCTION NO. 25**

**NEGLIGENCE—CUSTOM OR PRACTICE**

3        You may consider customs or practices in the community in deciding whether a party

4   acted reasonably.  Customs and practices do not necessarily determine what a reasonable person

5   would have done in a situation.  They are only factors for you to consider.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 26**

**BREACH OF CONTRACT—INTRODUCTION**

Tesoro claims that it and PG&E entered into a Special Agreement for Electrical Standby Service (often referred to as the Standby Agreement) relating to provision of electrical services.

Tesoro claims that PG&E breached this contract by:

(a) failing to provide electrical power to Tesoro's refinery during times of shutdown or failure of Foster Wheeler's cogeneration plant; and

(b) failing to exercise reasonable diligence and care to furnish and deliver a continuous and sufficient supply of electric energy to the customer.

Tesoro claims that PG&E's breach of this contract caused harm to Tesoro for which PG&E should pay.

PG&E denies that it breached the Standby Agreement.  PG&E further denies that it caused any harm to Tesoro because PG&E did not cause the Refinery outage.  PG&E asserts that Tesoro failed to do all of the significant things that the Standby Agreement required it to do, including furnishing, installing, inspecting and keeping in good and safe condition at its own risk and expense all appropriate protective devices to properly protect its facilities.  PG&E further asserts that it is not responsible for any harm arising from the Refinery outage because the outage was not caused by an interruption, shortage, or insufficiency in supply arising from PG&E's failure to exercise reasonable diligence.  PG&E also asserts it is not responsible for any damages caused by the negligence of Tesoro or of any of its agents or employees in omitting, installing, maintaining, using, operating or interfering with any such protective devices.

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27**

**BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**

Tesoro and PG&E agree that they were both parties to the Standby Agreement.  To recover damages for breach of the Standby Agreement, Tesoro must prove all of the following by a preponderance of the evidence:

(1) That PG&E failed to do something that the Standby Agreement required it to do;

(2) That PG&E's breach of the Standby Agreement was a substantial factor in causing the Refinery to lose power;

(3) That PG&E failed to exercise reasonable diligence and care to deliver a continuous supply of electric energy to its customers;

(4) That PG&E's failure to exercise reasonable diligence and care was a substantial factor in causing the Refinery to lose power; and

(5) That Tesoro suffered harm as a result of the Refinery losing power.

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28**

**BREACH OF CONTRACT—CONSTRUCTION OF CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**BREACH OF CONTRACT—REASONABLE EXPECTATIONS OF THE PARTIES**

In interpreting the written terms of a contract, you must look to the reasonable expectations of the parties.  You may consider the circumstances under which the contract was made, the parties' discussions, and the parties' course of dealing.

**JURY INSTRUCTION NO. 30**

**BREACH OF CONTRACT—**

**CIRCUMSTANCES UNDER WHICH CONTRACT WAS MADE**

You may consider the meaning of a contract term based on the circumstances in which the contract was made, the matter to which it related, or the parties' course of dealings.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 31**

**BREACH OF CONTRACT—ASSIGNMENT NOT CONTESTED**

Tesoro was not a party to the original Standby Agreement.  However, it may bring a claim for breach of contract because another party transferred its rights under the Standby Agreement to Tesoro.  This transfer is referred to as an "assignment."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 32**

**BREACH OF CONTRACT—COMPARATIVE FAULT OF TESORO**

PG&E claims that Tesoro's own negligence related to protective devices contributed to Tesoro's harm. To succeed on this claim, PG&E must prove both of the following by a preponderance of the evidence:

(1) That Tesoro or its agents or employees were negligent in omitting, installing, maintaining, using, operating, or interfering with appropriate protective devices; and

(2) That Tesoro's (or its agents' or employees') negligence was a substantial factor in causing its harm.

If PG&E proves the above, Tesoro's damages are reduced by your determination of the percentage of Tesoro's responsibility.  I will calculate the actual reduction.

**JURY INSTRUCTION NO. 33**

**DAMAGES—PROOF**

Money that a party recovers to compensate it for harm caused by another party is called "damages."  It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  If you find for Tesoro on a cause of action, you must determine Tesoro's damages.  Tesoro has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Tesoro for any injury you find was caused by PG&E.  Tesoro claims the following two categories of damages:

(1) Lost profits; and

(2) Expenses due to the Refinery outage.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 34**

**DAMAGES—DAMAGES ON MULTIPLE LEGAL THEORIES**

Tesoro seeks damages from PG&E under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.  You will be asked to decide whether PG&E is liable to Tesoro under the following legal theories:

(a) Breach of Contract; and

(b) Negligence.

The following items of damages are recoverable only once under either of the above legal theories:

(1) Lost profits; and

(2) Expenses due to the Refinery outage.

1

2

**JURY INSTRUCTION NO. 35**

**DAMAGES—ARGUMENTS OF COUNSEL ARE NOT EVIDENCE OF DAMAGES**

3

4

5

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36**

**DAMAGES—JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 37**

2

**DAMAGES—NEGLIGENCE**

3      If you decide that Tesoro has proved its negligence claim against PG&E, you also must

4  decide how much money will reasonably compensate Tesoro for the harm.  This compensation is

5  called "damages."

6      The amount of damages must include an award for each item of harm that was caused by

7  PG&E's negligence, even if the particular harm could not have been anticipated.

8      Tesoro does not have to prove the exact amount of damages that will provide reasonable

9  compensation for the harm.  However, you must not speculate or guess in awarding damages.

10      The following are the specific items of damages claimed by Tesoro:

11      (1) Lost profits; and

12      (2) Expenses due to the Refinery outage.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 38**

**DAMAGES—COMPARATIVE FAULT OF PLAINTIFF**

If you decide that Tesoro's negligence combined with PG&E's negligence in causing Tesoro's harm, then you must decide the percentage of responsibility for the harm that you attribute to each of them.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 39

### DAMAGES—CONTRACT DAMAGES

If you decide that Tesoro has proved its claim against PG&E for breach of contract, you also must decide how much money will reasonably compensate Tesoro for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put Tesoro in as good a position as it would have been if PG&E had performed as promised:

To recover damages for any harm, Tesoro must prove that when the Standby Agreement was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the Standby Agreement.

Tesoro also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Tesoro claims, as general damages, lost profits and expenses incurred, due to the Refinery outage.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 40**

**DAMAGES—LOSS OF PROFITS—CERTAINTY AND CALCULATION**

To recover damages for lost profits, Tesoro must prove that it is reasonably certain it would have earned profits but for PG&E's breach of contract.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount Tesoro would have received if the contract had been performed and then subtract from that amount the costs, including the value of the expenses, materials, and labor, Tesoro would have had if the contract had been performed.

You do not have to calculate the amount of the lost profits damages with mathematical precision, but there must be a reasonable basis for computing the loss.

# JURY INSTRUCTION NO. 41

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 42**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

42

### JURY INSTRUCTION NO. 43

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Ms. Karen Hom, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 44**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court
Northern District of California